UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CR 05-429 (EGS) |
| v. : | |
| : | |
| SHARON RUDD, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of sentencing. For the reasons set forth herein, the government does not oppose a sentence of probation in this case.

I.  BACKGROUND

On January 12, 2006, the defendant, Sharon Rudd, pled guilty to a one-count felony Information charging her with violations of 18 U.S.C. §371; 287; and 2 (Conspiracy to Commit False, Fictitious or Fraudulent Claims). During her plea colloquy, the defendant admitted that between January 1, 2002 and August 1, 2004, she conspired with a co-worker to defraud her employer, the United States Department of Agriculture ("USDA"), of $29,500.

From January 1, 2002 through August 1, 2004, the defendant was employed as a procurement technician by the USDA's Farm Service Agency ("FSA") in the Management Services Division ("MSD"), in the District of Columbia. In early 2002, the defendant conspired with co-defendant Densealean Leftwich, a secretary and authorized time clerk for the MSD, to knowingly make and present false time and attendance forms, constituting claims against the United States, for payment of overtime hours that the defendant had never worked. In furtherance of the conspiracy, in early 2002, the defendant and the co-defendant discussed a way

for them to earn extra money by altering the defendant's time and attendance forms to reflect additional overtime hours that the defendant had not worked. They agreed that the defendant would pay the co-defendant $200 each time she altered and submitted the defendant's time and attendance forms. Also in furtherance of the conspiracy, the defendant and co-defendant agreed that the co-defendant first would submit the defendant's accurate time and attendance forms to the defendant's supervisor, and that once the supervisor approved the accurate time and attendance forms, the co-defendant would alter them by augmenting the number of overtime hours the defendant claimed to have worked. The co-defendant would then submit electronically to the National Finance Center ("NFC"), the altered versions of the defendant's time and attendance forms, resulting in the defendant being paid for overtime hours she never worked.

In furtherance of the above described conspiracy and in order to carry out the objects thereof, the defendant and the co-defendant committed the following overt acts, among others:

(1) On or about July 15, 2002, the defendant and the co-defendant created and submitted to the NFC, a false claim, that is a time and attendance form on behalf of the defendant reflecting that she had worked 45 hours of overtime that she had in fact never worked. The defendant received $1,188.00 in compensation that she was not entitled to as a result of this false claim.

(2) On or about September 22, 2003, the defendant and the co-defendant knowingly created and submitted to the NFC, a false claim, that is a time and attendance form on behalf of the defendant reflecting that she had worked 40 hours of overtime that she had in fact never worked. The defendant received $1,101.20 in compensation that she was not entitled to as a result of this false claim.

(3) On or about May 12, 2004, the defendant and the co-defendant knowingly created and submitted to the NFC, a false claim, that is a time and attendance form on behalf of the

defendant reflecting that she had worked 40 hours of overtime that she had in fact never worked. The defendant received $1,149.20 in compensation that she was not entitled to as a result of this false claim.

As a result of the conspiracy, the defendant was paid $29,500 for in excess of 1000 overtime hours that she never worked. The defendant knew the claims she submitted were false in that she never worked the overtime hours for which she claimed and received compensation. The defendant also knew that she had no right to the compensation for the overtime hours she falsely claimed she had worked.

On March 1, 2005, the defendant admitted to investigators that she had conspired with the co-defendant and "agreed to allow the overtime payments" for hours she had never worked. Defendant further admitted to giving the co-defendant a "couple hundred dollars" for each pay period that the co-defendant entered false claims for overtime hours on her behalf. The defendant stated that she knew what she did was wrong, but that she had felt that both she and the co-defendant were not receiving credit for the work they were doing. The defendant further stated that she had used the extra compensation from the false overtime claims to pay her bills.

## II.   SENTENCING CALCULATION

### A.   Statutory Maxima

The maximum sentence for Conspiracy to Commit False, Fictitious or Fraudulent Claims pursuant to 18 U.S.C. § 371; 287; and 2, is five years confinement. The maximum fine is $250,000.

B.      Sentencing Guidelines Calculation

The Pre-Sentence Report (hereinafter "PSR") calculates the offense level under the United States Sentencing Guidelines as 8. See PSR ¶ 27. This includes the base offense level of six pursuant to U.S.S.G. §§ 2X1.1 and 2B1.1(a)(2), a four-level enhancement for "loss" amount between $10,000 and $30,000 pursuant to U.S.S.G. § 2B1.1(b)(1); and a two-level decrease for Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1(a). See PSR ¶ 26. Under the United States Sentencing Guidelines, the applicable sentencing range for an offense level of eight is zero to six months within Zone A.

The PSR writer does not find factors indicating that a departure from the prescribed sentencing guidelines is warranted. See PSR ¶ 64. For the reasons set forth, infra §III of this Memorandum, the government respectfully notes that it does not oppose the lowest sentence authorized by the guidelines, which is probation in this case. Further, the government respectfully requests that the Court order the defendant to perform community service and to make restitution to the United States Department of Agriculture.

III.    **GOVERNMENT'S SENTENCING RECOMMENDATION**

In determining the appropriate sentence, the Court "shall consider . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). The Court must also consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(D).

In this case, the defendant admitted her conduct to the agents investigating the case, agreed to an early plea of guilty, and expressed remorse for her conduct to the pre-sentence

-4-

report writer. Moreover, the defendant has no prior arrests or convictions, and has promised to make restitution to the United States Department of Agriculture. In light of these factors, the government does not oppose a sentence of probation in this case. However, the government requests that the Court order the defendant to perform a period of community service in order to pay back the community for her conduct, which was in disregard of the public's trust.

## IV.    RESTITUTION

As the PSR states, the Court shall order full restitution to the victims without consideration of the economic circumstances of the defendant. See PSR ¶ 62, citing 18 U.S.C. § 3664(f)(1)(A). As such, the government requests that the Court order restitution in the amount of $29,500 to be paid jointly and severally with the co-defendant in this case, Ms. Densealean Leftwich, to the identified victim in this case, the United States Department of Agriculture.

## V.    CONCLUSION

For the foregoing reasons, the government respectfully notes that it does not oppose a sentence of probation in this case. Further, the government respectfully requests that the Court order the defendant to perform community service and to make restitution to the victim.

          Respectfully submitted,

          KENNETH L. WAINSTEIN
          UNITED STATES ATTORNEY

          _____
          KIM A. HERD, D.C. Bar No. 461615
          Assistant United States Attorney
          United States Attorney's Office
          555 Fourth Street, N.W.       .
          Washington, D.C. 20530
          (202) 616-9370

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Government's Memorandum in Aid of Sentencing has been served electronically upon Howard Katzoff, Esq. counsel for the defendant.

_____
KIM A. HERD
ASSISTANT U.S. ATTORNEY