IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : |
| v. | : Criminal No. 05-429 (EGS) |
| | : |
| | : |
| SHARON RUDD | : |

## MEMORANDUM IN AID OF SENTENCING

    Defendant, Sharon Rudd, through undersigned counsel, respectfully submits the following memorandum in aid of sentencing. Specifically, Ms. Rudd is requesting a probationary sentence with any conditions the Court deems appropriate.

## FACTUAL / PROCEDURAL BACKGROUND:

    Ms. Rudd was an employee at the United States Department of Agriculture for the past ten years. In early 2005, an investigation revealed that a co-worker had been submitting time and attendance claims for overtime work Ms. Rudd had not performed. She was interviewed by investigators and admitted her involvement in the offense. Thereafter, she was offered the opportunity to enter into a pre-indictment plea. Undersigned counsel was then appointed to represent Ms. Rudd. After obtaining discovery from the government, and meeting with Ms. Rudd, undersigned counsel promptly advised the government that Ms. Rudd wanted to accept responsibility and work out a plea agreement in the matter. The parties entered into a written plea agreement, which included a detailed factual proffer.

    The information and plea agreement were filed with the Court in December 2005. Essentially, Ms. Rudd agreed to plead guilty to conspiracy to submit fraudulent claims for payment of overtime hours which she did not work in violation of 18 U.S.C. 371. The parties further agreed that the loss amount was more than $10,000 and less than $30,000. In addition, Ms. Rudd agreed to pay the special assessment of $100; to pay restitution in the amount of $29,500 and be jointly and severally liable for restitution with her co-conspirator, Densealean

- 2 -

Leftwich; and to resign from her position prior to sentencing.[1]  On January 12, 2006, Ms. Rudd appeared before Your Honor and entered a guilty plea in the case.  Sentencing was set for May 2, 2006, and a pre-sentence report ("PSR") was ordered.

**PRESENTENCE REPORT AND SENTENCING GUIDELINE CALCULATION:**

The Probation Department found that the total offense level under the United States Sentencing Guidelines ("USSG") is 8.  The PSR also found that Ms. Rudd has no prior juvenile or adult record.  Thus her criminal history category is I, and that the applicable guideline range is 0 - 6 months.  Furthermore, the PSR indicates that since the guideline range is in Zone A, and since there is no mandatory minimum sentence under the statute, Ms. Rudd is eligible for a probationary sentence.  The defense is not aware of any objections to the PSR which the Court needs to resolve.  Counsel submits that a probationary sentence is the appropriate sentence under all the factors set forth in 18 U.S.C. 3553(a), including the federal sentencing guidelines.

**DEFENDANT'S HISTORY, BACKGROUND, AND OFFENSE CONDUCT:**

Ms. Rudd's history, background, and family circumstances support a finding that a probationary sentence is appropriate in this case.  Ms. Rudd is a 49 year old woman with no prior criminal record.  In fact, prior to this case she did not have any contacts whatsoever with the criminal justice system - either as a juvenile or an adult.  She has consistently demonstrated a strong work ethic, and sense of civic duty.  She graduated from high school in 1975, and has been working to support herself and her family for the past thirty years.  She worked from 1975 until 1996 at the Department of the Interior, and then from 1996 until December 2005 at the Department of Agriculture.  She has been with her husband for nearly twenty years, through good

---

[1] Based on Ms. Rudd's admissions as part of the plea agreement in the case, the Department of Agriculture advised Ms. Rudd that she was being terminated for cause.  Ms. Rudd did not contest that adverse action, and is no longer working at the Department of Agriculture.  In light of the adverse action, it does not appear that Ms. Rudd's resignation is an issue at this time.

- 3 -

times and bad times.[2]  She has been responsible for raising their two children.  She volunteers at the children's schools, and regularly attends their school and extra-curricular activities.  They participate in bowling leagues year round, a recreational activity she has introduced them to.  She regularly attends Union Bethel AME Church in Maryland, and belongs to the women's association at the church.

To Ms. Rudd's credit, unlike many individuals who appear in this Court, she admitted her involvement to the investigators when confronted.  She agreed to an early plea in the case, and agreed to make restitution in the case.  She has consistently expressed sincere remorse.  In addition, she has demonstrated that there is another side to her - the side that worked hard, raised a family, and made positive contributions in the community.  She has also demonstrated a high degree of responsibility in resolving this case.  She has worked diligently with counsel and the government since last June to resolve both the criminal charges and her termination from her job.  Since the plea, she has been on personal recognizance and has complied with all conditions.  She met the government agents as agreed in order to comply with the booking order.  Thereafter, she met with one of the agents a second time to sign additional documents which were inadvertently overlooked during the first booking procedure.  In short, she has cooperated fully with counsel and the pre-sentence report writer, and has shown that she will follow any conditions set by the Court.

Counsel would also note that Ms. Rudd's involvement in the offense seems out of character for her.  While Ms. Rudd has not made excuses for her conduct, counsel's investigation suggests that she was under considerable financial pressure at the time, and that those pressures likely affected her judgment. Ms. Rudd and her husband bought house in or about 1999, which they were able to afford with both of their incomes.  However, soon after they bought the house, her husband left for period of time, and then lost his job.  As a result, Ms. Rudd was required to

---

[2] The PSR notes that their marriage has not been without its problems.  Nevertheless, she has been the glue that has kept it together.

- 4 -

try to pay the mortgage and other bills by herself for nearly a year. She was unable to pay the bills on her salary alone, and she struggled to stay afloat financially. Eventually they lost their house to foreclosure, and were required to file for bankruptcy. It appears that the monies Ms. Rudd received went to pay bills and provide for her family during that time. Accordingly, counsel suspects that the financial pressures may have affected her judgment.

**CONCLUSION:**

A probationary sentence is appropriate in light of the sentencing factors enumerated in 18 U.S.C. 3553(a). Notwithstanding Ms. Rudd's conduct in this case, she has demonstrated that she is a good person, with strong family values, and a strong work ethic. She remains instrumental in the lives of her two sons. Moreover, it has now been nearly two years since the offense. In addition, she has lost her government employment after more than twenty five years of service, and probably her retirement benefits as well, and will now have to find work as a "convicted felon". As she told the Court during the plea colloquy, she has had to have some frank and difficult conversations with her children. Clearly, in many respects she is already paying dearly for her mistake.

Finally, counsel submits that a probationary sentence will enable Ms. Rudd to obtain employment and begin to make her restitution payments sooner - another enumerated factor set forth in 18 U.S.C. 3553(a).

For all these reasons, counsel submits that the nature of the offense and defendant's history and background, including her first offender status, clearly favor a probationary sentence in this case.

- 5 -

WHEREFORE, for all the reasons outlined above, counsel respectfully urges the Court to sentence Ms. Rudd to probation, along with any conditions the Court deems appropriate. In addition, counsel respectfully requests that the Court not impose a fine in this case. Ms. Rudd has no present ability to pay a fine, and any additional financial pressures will make it more difficult to pay restitution, and will be counterproductive.

Respectfully submitted,

/s/
Howard B. Katzoff (Bar # 348292)
717 D Street, NW,   Suite 310
Washington, D.C.  20004
(202) 783-6414
Attorney for Sharon Rudd

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Memorandum has been served electronically upon Kim Heard, Esquire, Office of the United States Attorney, 555 Fourth Street, N.W., Washington, D.C. 20530  this  26th  day of  April , 2006.

/s/
Howard B. Katzoff